UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES RODRIGUEZ GONZALEZ,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 21-CV-1558 TWR (DEB)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 2, 3) |

Presently before the Court are Plaintiff Andres Rodriguez Gonzalez's Motions to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2) and for Appointment of Counsel ("Counsel Mot.," ECF No. 3). For the reasons explained below, the Court **DENIES WITHOUT PREJUDICE** both Motions.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff requests leave to proceed IFP, claiming that his "monthly expenses absorb all [his] money" and that he "recently had a bout of illness and cannot afford [his] medical/dental care and to pay attorney fees." (*See* IFP Mot. at 5.) A motion to proceed IFP must be accompanied by an affidavit executed under penalty of perjury demonstrating that the movant is unable to pay the initial fees or give security. *See* 28

U.S.C. § 1915(a)(1); *see also* S.D. Cal. CivLR 3.2(a) ("All actions sought to be filed in forma pauperis . . . must be accompanied by an affidavit that includes a statement of all assets [that] shows inability to pay initial fees or give security . . . executed under penalty of perjury.").

Although Plaintiff submitted a completed application and appears to qualify for IFP status, (*see generally* IFP Mot.), Plaintiff neglected to sign his affidavit under penalty of perjury.  (*See id.* at 1.)  The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2).  *See, e.g.*, *Williams v. Pierce Cty. Bd. of Comm'rs*, 267 F.2d 866, 867 (9th Cir. 1959) (affirming denial of IFP motion where the plaintiff failed to include the required affidavit); *Hunter v. Three Unknown Named DMV John Doe Emps.*, No. 1:19-CV-00206-DCN, 2019 WL 4308534, at *1 (D. Idaho Sept. 11, 2019) (citing 28 U.S.C. § 1746) (denying without prejudice IFP motion because the plaintiff's "statement fails to qualify as a legal affidavit as he does not swear or affirm under penalty of perjury that what he states is true"); *Feldman v. Cal. DMV*, No. CIVS071296MCEDADPS, 2007 WL 2120616, at *1 (E.D. Cal. July 23, 2007) (citing 28 U.S.C. § 1915(a)) (denying without prejudice IFP motion that was not signed under penalty of perjury).

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests that the Court appoint him counsel because he has "limited income and cannot afford to pay any attorney fees or court costs." (Counsel Mot. at 3.) "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  But under 28 U.S.C. § 1915(e)(1), a court may "appoint counsel for indigent civil litigants" based on a showing of "exceptional circumstances." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied*, 545 U.S. 1128 (2005)).  In determining whether exceptional circumstances exist, the court considers (1) the "likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983

Because the Court has denied without prejudice Plaintiffs' IFP Motion, *see supra*, the Court has not yet had the opportunity to determine that Plaintiff is indigent or to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Consequently, "it is impossible to determine [Plaintiff]'s likelihood of success on the merits of his claims or whether there are exceptional circumstances that justify the appointment of counsel here." *See Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. CV 21-00085 DKW-RT, 2021 WL 1084769, at *1 (D. Haw. Feb. 12, 2021) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel (ECF No. 3).

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Proceed IFP (ECF No. 2) and for Appointment of Counsel (ECF No. 3). Within <u>thirty (30) days</u> from the date of this Order, Plaintiff may either (1) pay the entire $402 statutory and administrative filing fee, or (2) file a new and complete IFP Motion using form AO 239 that is signed under penalty of perjury. *Should Plaintiff fail timely to pay the filing fee or move to proceed IFP, this action will be dismissed without prejudice.*

**IT IS SO ORDERED.**

Dated: September 13, 2021

_____
Honorable Todd W. Robinson
United States District Court