UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES RODRIGUEZ GONZALEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-CV-1558 TWR (DEB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, (2) DISMISSING WITHOUT PREJUDICE FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii), AND (3) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 2, 3) |

Presently before the Court are Plaintiff Andres Rodriguez Gonzalez's First Amended Complaint ("FAC," ECF No. 5) and renewed Motions to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 6) and for Appointment of Counsel ("Counsel Mot.," ECF No. 8). For the reasons explained below, the Court **GRANTS** Plaintiff's IFP Motion, **DISMISSES WITHOUT PREJUDICE** his First Amended Complaint, and **DENIES WITHOUT PREJUDICE** his Counsel Motion.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff requests leave to proceed IFP, attesting that his "monthly expenses absorb all [his] money" and that he "recently had a bout of illness and cannot afford [his]

1

medical and dental expenses much less legal expenses." (*See* IFP Mot. at 5.) All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and administration fees totaling $402.[1] 28 U.S.C. § 1914(a). A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed IFP by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda*, 787 F.3d at 1234. Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Plaintiff's calculation of his monthly expenses of $1,868 exceeds his monthly income of $1,830, (*see* IFP Mot. at 2, 4–5), and Plaintiff has limited assets and savings. (*See id.* at 2–3.) Because paying the court costs associated with Plaintiff's action will result in his inability to afford the necessities of life, the Court **GRANTS** Plaintiff's IFP Motion.

### *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

**I.  Standard of Review**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"). As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth

in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II. Plaintiff's Factual Allegations

Plaintiff contends that, on August 21, 2021, U.S. Customs and Border Protection ("CBP") seized his vehicle, a 2006 Saturn Vue, VIN: 5GZCZ33DX6S845758 (the "Vehicle"), and cellphone while he was crossing the San Ysidro Port of Entry. (*See* FAC ¶¶ 2, 9.) Plaintiff was charged under 18 U.S.C. § 545, 21 U.S.C. §§ 844 and 952(a), and 49 U.S.C. § 80302 for "transportation, concealment or facilitated the sale, receipt, possession, or importation of 7.90 kgs. Methamphetamine," (*see id.* ¶ 3), but was released from custody and allowed to return home. (*See id.* ¶ 5.[2])

CBP informed Plaintiff that he could recover his possessions by filing a petition, (*see id.* ¶ 8), but Plaintiff's petition was denied. (*See id.* ¶ 10.) Plaintiff the hired an attorney for $3,500 to assist him with a supplemental petition, but Plaintiff was informed that he would have to sign a "Hold Harmless Agreement" with CBP before his property would be released. (*See id.* ¶ 11.)

---

[2] Although Plaintiff references two exhibits to his First Amended Complaint—one related to his release from custody, (*see* FAC ¶ 5), and another regarding correspondence with his counsel concerning his supplemental petition, (*see id.* ¶ 11)—they cannot be located on the docket and appear not to have been filed.

Plaintiff explains that he "do[es] not have the money to pay for the release of [his V]ehicle and [he is] reticent to sign a Hold Harmless Agreement to the U.S. Customs and Border Protection which would absolve them." (*See id.* ¶ 14.) Further, his "concern even more than the return of [his] property is the fact that [he] ha[s] these charges on [his] record [with CBP] of which [he is] not guilty." (*See id.* ¶ 13.) Accordingly, Plaintiff requests the release of his Vehicle without paying the storage fee, the "clear[ing]" of his arrest record with CBP, reimbursement for the $3,500 he expended on his attorney and $1,200 he incurred in transportation costs, and damages for his pain and suffering. (*See id.* at 2.)

### III.   Analysis

Through this action, Plaintiff generally seeks return of his Vehicle from CBP. (*See generally* FAC.)  Although it is unclear from the face of the First Amended Complaint what federal law Plaintiff claims CBP has violated, the Court construes Plaintiff's First Amended Complaint as alleging two causes of action (1) under the civil forfeiture statute for the return of his vehicle, *see* 18 U.S.C. § 981(a)(1)(B)(ii) (indicating that property "used to facilitate" "the manufacture, importation, sale, or distribution of a controlled substance" "is subject to forfeiture to the United States"); and (2) for expungement of his arrest record with CBP.

As for the civil forfeiture cause of action, because Plaintiff's First Amended Complaint explicitly references a "petition," (*see* FAC ¶¶ 8, 10, 11), the Court assumes that Plaintiff elected to proceed administratively with CBP under 18 U.S.C. § 983(f)(3)(A) and 19 C.F.R. § 171, rather than legally by filing a claim pursuant to 18 U.S.C. § 983(a)(2) and 19 C.F.R. § 162.94.  Consequently, Plaintiff "waived the opportunity for judicial forfeiture proceedings," *see Conservation Force v. Salazar*, 646 F.3d 1240, 1243 (9th Cir. 2011), unless "the notice of forfeiture was not received." *See id.* at 1242 (citing 18 U.S.C. § 983(e)); *see also Plumhof v. U.S. Customs & Border Patrol*, No. 12CV2521 AJB NLS, 2013 WL 2295666, at *7 (S.D. Cal. May 24, 2013) (concluding that, because the plaintiff had elected to proceed administratively, the court

lacked subject merit of the merits of the plaintiff's complaint and could "only consider whether [the p]laintiff received proper and timely notice of the seizure of her Vehicle"). Plaintiff fails clearly to allege whether he received the requisite notice of the forfeiture pursuant to 18 U.S.C. § 983(a)(1)(A)(i).  The Court therefore concludes that Plaintiff has failed to establish that this Court has subject-matter jurisdiction over his claim for the return of his Vehicle.

Turning to Plaintiff's request for expungement, Plaintiff faces several hurdles. First, it is unclear pursuant to what authority the Court can grant Plaintiff the relief he seeks. *See, e.g.*, *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (reversing and remanding where "there was no statutory authority for the district court's expunction order").  Second, Plaintiff fails to establish Article III standing because he does not allege any facts showing that his arrest record "constitutes an ongoing injury or poses any likelihood of future injury."  *See Phillips v. United States*, No. 219CV06338SVWJEM, 2021 WL 2587961, at *10 (C.D. Cal. June 22, 2021).  Third and finally, Plaintiff indicates that he has been criminally charged under several federal criminal statutes. (*See* FAC ¶ 3.)  It is unclear from the First Amended Complaint whether Plaintiff is facing prosecution or whether the charges have been dropped.  Consequently, even if Plaintiff could state a viable claim for relief, the Court would be obligated "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (first citing *Heck v. Humphrey*, 512 U.S. 477, 487–88, n.8 (1994); then citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)); *see also Combs v. Ribac*, No. 317CV02381WQHBGS, 2018 WL 1185266, at *4 (S.D. Cal. Mar. 7, 2018).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff requests that the Court appoint him counsel because he has "limited income and can no longer afford to pay attorney fees or court costs." (Counsel

Mot. at 3.)  "Generally, a person has no right to counsel in civil actions."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  But under 28 U.S.C. § 1915(e)(1), a court may "appoint counsel for indigent civil litigants" based on a showing of "exceptional circumstances."  *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied*, 545 U.S. 1128 (2005)).  In determining whether exceptional circumstances exist, the court considers (1) the "likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id.*  (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Because the Court has dismissed without prejudice Plaintiff's First Amended Complaint, the Court determines that Plaintiff has failed to establish a likelihood of success on the merits at this time.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 6) but **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint (ECF No. 5) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel (ECF No. 8). Within thirty (30) days from the date of this Order, Plaintiff may file an amended complaint curing the pleading defects identified in this Order.  *Should Plaintiff fail timely to file an amended complaint, this action will be dismissed without prejudice.*

**IT IS SO ORDERED.**

Dated:  October 21, 2021

_____
Honorable Todd W. Robinson
United States District Court