UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES RODRIGUEZ GONZALEZ,<br><br>                                Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>                                Defendant. | Case No.: 21-CV-1558 TWR (DEB)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>(ECF No. 10) |

Presently before the Court is Plaintiff Andres Rodriguez Gonzalez's Second Amended Complaint ("SAC," ECF No. 10), which was filed in six "parts" in response to the Court's October 21, 2021 Order (1) Granting Motion to Proceed *in Forma Pauperis*, (2) Dismissing Without Prejudice First Amended Complaint Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (3) Denying Without Prejudice Motion for Appointment of Counsel. (*See generally* ECF No. 9 (the "Oct. 21 Order").)  As with Plaintiff's First Amended Complaint, because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court is obligated to screen his operative Second Amended Complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).  Because Plaintiff's Second Amended Complaint is not complete in itself, the Court granted Plaintiff leave to file a complete third amended complaint on or before February 4, 2022. (*See generally* ECF No. 11.)  That deadline has passed.  The Court therefore screens Plaintiff's Second Amended Complaint as filed.

# BACKGROUND

Plaintiff initiated this action on September 3, 2021, by filing his original Complaint again U.S. Customs and Border Protection ("CBP") seeking return of his seized vehicle and expungement of his arrest, (*see generally* ECF No. 1 ("Compl.")), together with motions to proceed IFP, (*see generally* ECF No. 2), and for appointment of counsel. (*See generally* ECF No. 3.)  The Court denied without prejudice Plaintiff's request to proceed IFP because Plaintiff had failed to sign his affidavit under penalty of perjury in accordance with 28 U.S.C. § 1915(a)(1) and Southern District of California Civil Local Rule 3.2(a), (*see* ECF No. 4 at 1–2), and denied without prejudice Plaintiff's request for appointment of counsel because the Court was unable to make a determination as to Plaintiff's indigency or likelihood of success on the merits. (*See id.* at 2–3.)

On September 21, 2021, Plaintiff filed his First Amended Complaint, (*see generally* ECF No. 5 ("FAC")), as well as renewed motions to proceed IFP and for appointment of counsel. (*See generally* ECF Nos. 6, 8, respectively.)  The Court granted Plaintiff's request to proceed IFP, (*see* Oct. 21 Order at 1–2), but dismissed without prejudice Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, (*see id.* at 2–6), and, consequently, denied without prejudice Plaintiff's motion for appointment of counsel. (*See id.* at 6–7.)  In dismissing Plaintiff First Amended Complaint, the Court construed the pleading as alleging two causes of action for (1) return of his vehicle under the civil forfeiture statute, and (2) expungement of his arrest record with CBP. (*See id.* at 5.)  As for the first cause of action, because Plaintiff alleged that he had filed a "petition" but did not allege that he had not received a notice of forfeiture, the Court concluded that Plaintiff had waived judicial review. (*See id.* at 5–6.)  Regarding the expungement claim, it was unclear whether (1) the Court had authority to grant the requested relief, (2) Plaintiff had standing, or (3) criminal charges were pending against Plaintiff. (*See id.* at 6.)

Plaintiff filed his operative Second Amended Complaint on November 15, 2021. (*See generally* SAC.)  The Second Amended Complaint is also against CBP but departs

significantly from Plaintiff's original and First Amended Complaints.  (*Compare* SAC, *with* Compl.; *and* FAC.)  Plaintiff now alleges that he "was unlawfully detained for a crime that [he] did not commit," "was a victim of racial discrimination," and "should have automatic acquisition of citizenship."  (*See* SAC at 49.[1])  The Second Amended Complaint also contains several unidentified exhibits, including some relating to the seizure of Plaintiff's vehicle.  (*See, e.g.*, *id.* at 67–80, 86–92, 151–69.)  It also appears that Plaintiff attempted to sue CBP in small claims court but was unable successfully to effect service.  (*See id.* at 82–83.)

Because the Second Amended Complaint contained minimal factual allegations and instead consisted almost entirely of documents and exhibits, the Court permitted Plaintiff the opportunity to file a Third Amended Complaint on or before February 4, 2022, that would not require the Court to "piecemeal documents together to determine whether Plaintiff states a colorable claim in his complaint."  (*See* ECF No. 11 (the "Dec. 6 Order") at 2–3 (quoting *Festa v. NDOC*, No. 2:17-CV-00850-APG-NJK, 2018 WL 3715708, at *1 (D. Nev. Aug. 3, 2018)).)  As of the date of this Order, the Court has not received a further amended pleading from Plaintiff.  (*See generally* Docket.)

## LEGAL STANDARD

As explained in the Court's October 21 Order, the Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"). As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)

---

[1] To avoid ambiguity, pin citations to the Second Amended Complaint are to the "PageID" provided by the CM/ECF system.

mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3).  *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).  "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."  *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief."  *Iqbal*, 556 U.S. at 679.  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not."  *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678).  Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts.  *Id.* (citing *Iqbal*, 556 U.S. at 679).

Courts have a duty to construe a pro se litigant's pleadings liberally.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  In giving liberal

interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## ANALYSIS

As explained in the Court's December 6 Order, Plaintiff's Second Amended Complaint is not complete in itself and, consequently, fails to abide by the requirements of Rule 8(a). (*See* Dec. 6 Order at 2.) While this alone merits dismissal of Plaintiff's Second Amended Complaint, the Court will screen those claims the Court can identify to aid Plaintiff in refining them should Plaintiff elect to file a further amended complaint.

Although difficult to decipher, the operative Second Amended Complaint appears focused on Plaintiff's allegedly unlawful detention, right to United States citizenship, and racial discrimination. (*See generally* SAC at 49–50, 55, 81, 147, 150, 155.) While Plaintiff's prior complaints largely sought the return of his vehicle from CBP, (*see generally* Compl., FAC), there are no allegations or requests seeking return of Plaintiff's vehicle in the Second Amended Complaint. (*See generally* SAC.) Nonetheless, Plaintiff does include several exhibits evidencing his dispute over the vehicle with the CBP, (*see, e.g., id.* at 67–92, 151–69), some of which are illegible. (*See, e.g., id.* at 67–68.) The Court therefore addresses each of these four "claims" in turn.

Beginning with the claim for unlawful detention, Plaintiff alleges:

> On August 21, [2020,] about 2 P.M. I was coming to the Port of Entry, I was stopped by 4 C.B.P. officers, I was pulled out of my car and my car keys t[aken] away with[]out telling me the re[a]son or motive.

/ / /

/ / /

> I was imm[e]diat[e]ly t[aken] . . . to the main office with []a chain on my leg; in abo[u]t one hour my finger prints and photo w[ere] taken[.] "No[]body told me what was going" on[.]  The main thing is not knowing if I was under arrest[,] the cause[,] the re[a]son[,] and the motive.
>
> It was a night[]mare not knowing what was going on, my finger prints and photo w[]ere taken twice.
>
> [At] about . . . 11 PM a[n] in[ve]stigator came and took my fingerprints and photo one more time[.]  The in[ve]stigator told me to just w[]ait [for] the Sher[iff].

(*See* SAC at 81 (emphasis in original); *see also id.* at 155 (duplicate).)  Plaintiff concedes that drugs were found in his vehicle. (*See, e.g., id.* at 67–69, 151.)

Plaintiff's unlawful detention claim cannot proceed as currently pled.  Critically, it is unclear from these allegations what Plaintiff contends was unlawful about his detention.  For example, Plaintiff does not allege that he was detained without reasonable suspicion, *see, e.g., Florida v. Royer*, 460 U.S. 491, 500 (1983), or in violation of his due process rights.  *See, e.g., Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).  Further, as the Court explained in its October 21 Order, (*see* Oct. 21 Order at 6), it is unclear whether Plaintiff is facing prosecution for the drugs founds in his vehicle or whether the charges have been dropped.  Consequently, even if Plaintiff could state a viable claim for relief, the Court would be obligated "to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (first citing *Heck v. Humphrey*, 512 U.S. 477, 487–88, n.8 (1994); then citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)); *see also Combs v. Ribac*, No. 317CV02381WQHBGS, 2018 WL 1185266, at *4 (S.D. Cal. Mar. 7, 2018).  Plaintiff therefore must plead facts indicating in what way his detention was unlawful and proving that he was not convicted of the drug charges for which he was detained.

The same is true to the extent that Plaintiff seeks United States citizenship through his Second Amended Complaint.  First, it is unclear what actions—if any—Plaintiff has taken to assert or obtain citizenship or naturalization.  (*See generally* SAC.)  For

example, it is unclear whether Plaintiff has applied to the Attorney General for a certificate of citizenship, *see, e.g.*, 8 U.S.C. § 1452(a), or whether a department or independent agency has made a final administrative denial of a right or privilege Plaintiff asserted as a national of the United States. *See, e.g.*, 8 U.S.C. § 1503(a). Consequently, the Court is unable to determine whether Plaintiff properly asserts his claim before this Court or against CBP. Further, Plaintiff appears to claim citizenship based on his stepfather's United States citizenship, (*see, e.g.*, SAC at 49–50, 55), but the Ninth Circuit has found that this relationship does not suffice to confer citizenship because "there is no blood relation" between stepfather and stepchild. *See, e.g.*, *Martinez-Madera v. Holder*, 559 F.3d 937, 942 (9th Cir. 2009).

As for Plaintiff's claim based on racial discrimination, to the extent Plaintiff alleges that CBP's decision to detain him was racially motivated, (*cf.* SAC at 151 (alleging discrimination related to the "constitutional right to vote")), "[t]o make a claim for racial profiling in violation of the Equal Protection Clause, 'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class.'" *See Daniel v. Tassone*, No. 2:18-CV-03018-JAMACPS, 2018 WL 6168566, at *2 (E.D. Cal. Nov. 26, 2018) (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir. 2005)). Here, there are no allegations that CBP discriminated against Plaintiff based on race, much less that CBP did so with the requisite intent. (*See* SAC at 49, 150.) "Without additional facts, plaintiff's complaint does not support an inference of racial motivation." *See Daniel*, 2018 WL 6168566, at *2.

Finally, to the extent Plaintiff continues to seek the return of his vehicle from CBP in the Second Amended Complaint, the exhibits Plaintiff has filed confirm that Plaintiff received the requisite notice of the forfeiture and elected to proceed administratively pursuant to 19 U.S.C. § 1618 and 19 C.F.R. §§ 171.1, 171.2. (*See, e.g.*, SAC at 73–80, 86–89, 91, 156–69; *see also* ECF No. 9 at 5–6.) The Notice informed Plaintiff that, "[b]y completing Box 1 on the "Election of Proceedings" form you are requesting

administrative processing of your case by CBP" but that "[a]t any point prior to the forfeiture of the property, you may request a referral to the U.S. Attorney by filing a claim and cost bond" as outlined elsewhere in the Notice. (*See, e.g.*, *id.* at 160.) On the Election of Proceedings, Plaintiff "**REQUEST[ED] THAT CBP CONSIDER [HIS] PETITION ADMINISTRATIVELY BEFORE FORFEITURE PROCEEDINGS ARE INITIATED**," meaning he "g[ave] up [his] right to . . . have the case immediately referred to the U.S. Attorney for court action," although "*at any time* [Plaintiff] c[ould] file a claim and bond with CBP and CBP's consideration of [his] petition w[ould] stop and the case w[ould] be sent to the U.S. Attorney's Office for court action." (*See, e.g.*, *id.* at 159 (emphasis in original).) There is no allegation that Plaintiff filed a claim and bond pursuant to 19 U.S.C. § 1608. Accordingly, the Court lacks jurisdiction over Plaintiff's claim for return of his vehicle. *See, e.g.*, *United States v. Jones*, 852 F.2d 1235, 1237 (9th Cir. 1988).

For all these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint (ECF No. 10) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Although Plaintiff elected not to file a Third Amended Complaint as requested by the Court, the Court will permit Plaintiff one final opportunity to file an amended complaint curing the pleading deficiencies outlined in this Order and the Court's October 21, and December 6, 2021 Orders. (*See* ECF Nos. 9, 11.) Accordingly, Plaintiff **MAY FILE** an amended complaint within thirty (30) days from the date of this Order. The Court reminds Plaintiff that his amended complaint "must be complete in itself without reference to the superseded pleading," *see* S.D. Cal. CivLR 15.1(a), and any claims or defendants not repled will be considered waived. *See Lacey v. Maricopa*

/ / /

1  *Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).  *Should Plaintiff fail timely to file an amended*
2  *complaint, this action will be dismissed without prejudice.*
3        **IT IS SO ORDERED.**
4  Dated:  March 8, 2022

                              Honorable Todd W. Robinson
                              United States District Court